IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ENZO CESTONI,

    Defendant.

No. CR 15-0416 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions in limine:

1. This case shall go to a **JURY TRIAL** on **APRIL 4, 2016**, at **7:30 A.M.**, and shall continue through April 7. Trial will not be held on April 8, but will continue on April 11 and thereafter.

2. Rulings on the motions in limine were made on the record at the pretrial conference and are summarized later in this order.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the pretrial filings less any excluded or limited by an order in limine. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the Rules of Evidence.

4. A jury of **TWELVE PERSONS AND TWO ALTERNATES** shall be used.

# RULINGS ON MOTIONS IN LIMINE

**DEFENDANT'S MOTIONS IN LIMINE:**

    **1.**    **MOTION TO EXCLUDE THE TESTIMONY OF ATF EXPERT RICHARD TIMBANG.**

This motion is **DENIED**. Before Agent Timbang testifies, however, the government must provide the defense with photocopies of the reference material pages that Agent Timbang relied on in forming his opinion in our case.

    **2.**    **MOTION TO EXCLUDE INSTAGRAM EVIDENCE.**

The Instagram photo, posted on July 4, 2015, which is the subject of Count One of the superseding indictment, will be allowed into evidence, assuming the government can lay a proper foundation. The government will be allowed to show the jury the enhanced version of this photo that it presented at the pretrial conference. If the defense can show, by the end of the day on April 4, that the government engaged in monkey business in enhancing the photo, then the Court will consider not allowing the enhanced version into evidence. For now, all other Instagram photos will not be allowed into evidence. If the defense argues, however, that defendant did not knowingly possess the firearm pictured on the table in the July 4 photo due to lack of intent or due to mistake, then the government will likely be allowed to introduce other Instagram photos of defendant with firearms and ammunition to rebut that argument.

    **3.**    **MOTION TO EXCLUDE EVIDENCE PRODUCED AFTER THE MARCH 9 DISCOVERY CUTOFF.**

As to the late-disclosed evidence discussed at the pretrial conference, the defense's motion is **DENIED.** If new late-disclosed evidence comes up, it will be dealt with on a case-by-case basis.

    **4.**    **MOTION TO EXCLUDE SOME EVIDENCE RELATING TO THE UNCHARGED ASSAULT THAT TOOK PLACE IN THE BATHROOM OF THE BAR.**

Evidence that the victim's blood and DNA were on defendant's shoes and jeans is admissible. Evidence that defendant flushed his shirt down the toilet in jail will not be admissible, as the defense stipulated that defendant was wearing a white t-shirt on the night in question. The one close-up photo of the victim's face showing the injury to his nose, as discussed at the pretrial conference, is admissible. For now, no other photos of the victim's

2

injuries will be allowed into evidence. The photo showing defendant shirtless in jail will not be allowed into evidence at this point, but may be allowed in to show defendant's neck tattoo if other Instagram photos come into evidence, as stated above.

**5. MOTION TO EXCLUDE ANY EVIDENCE RELATING TO GANGS.**

This motion is **GRANTED**. No evidence relating to gangs will be allowed into evidence. If the victim admits, outside the presence of the jury, that his story has changed because he is worried about gang retaliation, then the gang issue may be revisited.

**6. MOTION TO PRECLUDE THE GOVERNMENT FROM IMPEACHING DEFENDANT WITH MISDEMEANOR CONVICTIONS IF HE TESTIFIES.**

The government conceded it will not bring up defendant's misdemeanor convictions and thus this motion is **DENIED AS MOOT**.

**7. MOTION TO EXCLUDE DNA RESULTS RELATING TO DEFENDANT AND THE CHARGED FIREARM.**

This motion is **DENIED**. In presenting this evidence, however, the government and its DNA expert must make clear that the DNA evidence only shows that defendant could not be eliminated as having his DNA on the charged gun and that 28% of the population (280,000 out of 1,000,000 people) could not be eliminated. The government cannot say or in any way imply, and its expert shall not say or in any way imply, that the DNA evidence shows a "match" for defendant and the charged gun.

**8. MOTION TO PRECLUDE THE PRESENTATION OF THE INDICTMENT TO THE JURY.**

The government agrees that the indictment will not be presented to the jury and thus this motion is **DENIED AS MOOT**.

**9. MOTION TO EXCLUDE ALL WITNESSES (EXCEPT CASE AGENTS) FROM THE COURTROOM.**

Both sides agree that witnesses shall be excluded from the courtroom, subject to the defense's motion 11 below.

**10.    MOTION TO PRECLUDE WITNESSES FROM READING THE TRIAL TRANSCRIPT OR DISCUSSING THEIR TESTIMONY WITH ANYONE OTHER THAN COUNSEL.**

Both sides agree that witnesses should not read the transcript or discuss their testimony. Furthermore, both sides agree that no witness will speak with counsel on the subject of her testimony during breaks while that witness is on cross examination.

**11.    MOTION TO EXEMPT DEFENSE INVESTIGATOR LOANA DOMINGUEZ FROM WITNESS EXCLUSION.**

This motion is **GRANTED**. Investigator Dominguez will be allowed to sit at counsel table throughout the duration of the trial, as the Court takes defense counsel at their word that Investigator Dominguez is unlikely to testify. If she does testify, the jury may be advised of the general witness exclusion rule, that Investigator Dominguez was exempt, and that the jury can take this into consideration in determining her credibility.

**GOVERNMENT'S MOTIONS IN LIMINE:**

**1.    MOTION TO EXCLUDE TESTIMONY OF EXPERT GREGORY LOFTUS.**

As the defense has withdrawn its intention to call Dr. Loftus, this motion is **DENIED AS MOOT**.

**2.    MOTION TO PRECLUDE ANY REFERENCE TO THE SECOND AMENDMENT.**

While this subject is permissible during voir dire, it should not be discussed during the trial.

**3.    MOTION TO PRECLUDE ANY REFERENCE TO CO-DEFENDANT CLAUDIO MACIEL'S GUILTY PLEA.**

The guilty plea itself will be allowed into evidence. For now, however, Maciel's plea colloquy will not be allowed into evidence. Depending on how the trial plays out, this ruling regarding the plea colloquy may be revisited.

**4.    MOTION TO PRECLUDE ANY REFERENCE TO THE BASIS OF DEFENDANT'S ASYLUM CLAIM BUT INCLUDE DEFENDANT'S FAILURE TO APPEAR IN IMMIGRATION COURT.**

The parties have come to a stipulation regarding defendant's alienage status and thus this motion is **DENIED AS MOOT**.

4

**5.  MOTION TO REQUIRE THE DEFENSE TO PROFFER A GOOD FAITH BASIS FOR ANY *HENTHORN* TYPE INQUIRY OF A LAW ENFORCEMENT WITNESS.**

This motion is **DENIED**. The Court trusts that defense counsel will not make any prejudicial statements to the jury and will bring any close calls to the attention of the judge, outside the presence of the jury.

**6.  MOTION TO PRECLUDE ANY REFERENCE TO POTENTIAL PUNISHMENT.**

Neither side will reference potential punishment.

**7.  MOTION TO PRECLUDE THE DEFENSE FROM REFERENCING ANY INFORMATION NOT IN EVIDENCE.**

The defense will comply with the Rules of Evidence.

**8.  MOTION TO PRECLUDE THE DEFENSE FROM INTRODUCING ANY EVIDENCE NOT PROPERLY DISCLOSED UNDER RULE 16.**

The defense will comply with Rule 16.

**9.  MOTION TO REQUIRE THE DEFENSE TO PROVIDE AN EVIDENTIARY BASIS FOR ANY AFFIRMATIVE DEFENSE.**

The defense does not intend to make any affirmative defense.

**IT IS SO ORDERED.**

Dated:  March 31, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE