IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

ENZO CESTONI,

        Defendant.

No. CR 15-0416 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions in limine:

1.    This case shall go to a **JURY TRIAL** on **NOVEMBER 7**, at **7:30 A.M.** and shall continue until November 10. Trial will not be held on November 11, due to Veterans day, but will continue thereafter.

2.    Rulings on the motions in limine were made on the record at the pretrial conference and are summarized later in this order.

3.    Except for good cause, each party is limited to the witnesses and exhibits disclosed in the pretrial filings less any excluded or limited by an order in limine. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the Rules of Evidence.

4.    A jury of **TWELVE PERSONS AND TWO ALTERNATES** shall be used.

**RULINGS ON MOTIONS IN LIMINE**

**DEFENDANT'S MOTIONS IN LIMINE:**

As a preliminary matter, defendants' motion to dismiss is **HELD IN ABEYANCE** pending trial. It will be revisited, if necessary, at sentencing.

### 1. MOTION TO EXCLUDE INSTAGRAM EVIDENCE.

The Instagram photo, posted on July 4, 2015, which is the subject of Count One of the superseding indictment, will be allowed into evidence, assuming the government can lay a proper foundation. The government will be allowed to show the jury the enhanced version of this photo that it presented at the pretrial conference. For now, all other Instagram photos will not be allowed into evidence. If the defense argues, however, that defendant did not knowingly possess the firearm pictured on the table in the July 4 photo due to lack of intent or due to mistake, then the government will likely be allowed to introduce other Instagram photos of defendant with firearms and ammunition to rebut that argument.

Any other photographs that may become relevant for impeachment or rebuttal, will be dealt with on a case-to-case basis.

### 2. MOTION TO EXCLUDE CERTAIN EVIDENCE RELATING TO ALIENAGE.

The parties represented they have reached a stipulation as to alienage. The motions *in limine* as to documents offered to prove defendant's alienage are **DENIED AS MOOT**.

### 3. MOTION TO EXCLUDE SOME EVIDENCE RELATING TO THE UNCHARGED ASSAULT THAT TOOK PLACE IN THE BATHROOM OF THE BAR.

Evidence that the victim's blood and DNA were on defendant's shoes and jeans is admissible. Evidence that defendant flushed his shirt down the toilet in jail will not be admissible, though this may be revisited as the evidence plays out. The one close-up photo of the victim's face showing the injury to his nose, as discussed at the pretrial conference, is admissible. For now, no other photos of the victim's injuries will be allowed into evidence. The photo showing defendant shirtless in jail will not be allowed into evidence at this point, but may be allowed in to show defendant's neck tattoo if other Instagram photos come into evidence, as stated above. The photograph of defendant's shirt with blood on it (to which defendant no longer objects), is admissible.

2

**4.    MOTION TO PRECLUDE THE TESTIMONY OF CHRISTOPHER BEESON.**

Defendant moves to preclude the testimony of Christopher Beeson regarding the metadata extracted from defendant's phone, Christopher Beeson. Beeson will be allowed to testify, however, he will not be permitted to offer opinions that have not been disclosed. The Court will address issues with Beeson's testimony question-by-question.

The government stated it would supplement Beeson's disclosure and provide an updated version of Exhibit 77, Beeson's map, to defendant by **NOON ON NOVEMBER 3**.

**5.    MOTION TO EXCLUDE ANY EVIDENCE RELATING TO GANGS.**

This motion is **GRANTED**, except as to evidence offered to impeach Selena Lennox, as discussed below, and evidence of defendant's neck tattoo for the purpose of identification, as discussed above. No other evidence relating to gangs will be allowed into evidence.

**6.    MOTION TO PROHIBIT IMPEACHING CESTONI WITH PRIOR CONVICTIONS OR JUVENILE ADJUDICATIONS.**

The government does not intend to introduce this category of evidence, so the motion is **DENIED AS MOOT**.

**7.    MOTION TO PRECLUDE LATE-DISCLOSED EVIDENCE.**

The government conceded it did not plan to offer any late-disclosed evidence and thus and thus this motion is **DENIED AS MOOT**. Any late-disclosed evidence would likely be excluded, but the Court reserves judgment until any such issues arise.

**8.    MOTION TO EXCLUDE DNA RESULTS RELATING TO DEFENDANT AND THE CHARGED FIREARM.**

This motion is **DENIED**. As at the prior trial, in presenting this evidence, however, the government and its DNA expert must make clear that the DNA evidence only shows that defendant could not be eliminated as having his DNA on the charged gun and that 28% of the population (280,000 out of 1,000,000 people) could not be eliminated. The government cannot say or in any way imply, and its expert shall not say or in any way imply, that the DNA evidence shows a "match" for defendant and the charged gun.

3

9. **MOTION TO PRECLUDE THE PRESENTATION OF THE INDICTMENT TO THE JURY.**

The government agrees that the indictment will not be presented to the jury and thus this motion is **DENIED AS MOOT**.  At defendant's request, to the extent the indictment is mentioned, it will be referred to as the "indictment" not the "second superseding indictment."

10. **MOTION TO EXCLUDE ALL WITNESSES (EXCEPT CASE AGENTS) FROM THE COURTROOM.**

Both sides agree that witnesses shall be excluded from the courtroom, subject to the defense's motion 11 below.

11. **MOTION TO PRECLUDE WITNESSES FROM READING THE TRIAL TRANSCRIPT OR DISCUSSING THEIR TESTIMONY WITH ANYONE OTHER THAN COUNSEL.**

Both sides agree that witnesses should not read the transcript or discuss their testimony. Witnesses may, however, review the transcript of their own testimony from the prior trial. Furthermore, both sides agree that no witness will speak with counsel on the subject of her testimony during breaks while that witness is on cross examination.

12. **MOTION TO EXEMPT DEFENSE INVESTIGATOR LOANA DOMINGUEZ FROM WITNESS EXCLUSION.**

This motion is **GRANTED**.  Investigator Dominguez will be allowed to sit at counsel table throughout the duration of the trial, as the Court takes defense counsel at their word that Investigator Dominguez is unlikely to testify.  If she does testify, the jury may be advised of the general witness exclusion rule, that Investigator Dominguez was exempt, and that the jury can take this into consideration in determining her credibility.

**GOVERNMENT'S MOTIONS IN LIMINE:**

1. **MOTION TO EXCLUDE TESTIMONY OF EXPERT GREGORY LOFTUS.**

The government moves to exclude the expert testimony of Gregory Loftus, regarding the reliability of eyewitness identifications.  The Court reserves ruling on this motion and will wait to see how the percipient witness testimony plays out.

4

2. **MOTION TO PERMIT CROSS-EXAMINATION REGARDING GANG-RELATED BIAS OF SELENA LENNOX, IF SHE TESTIFIES.**

The government may possibly be permitted to cross-examine Lennox regarding gang-related bias, but it must first seek leave of the Court to pursue that line of questioning.

3. **MOTION TO INTRODUCE A REDACTED RECORD OF DEFENDANT'S SWORN STATEMENT TO AN IMMIGRATION OFFICIAL.**

In light of the parties' stipulation regarding defendant's alienage, the government does not seek to offer this evidence, so this motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  November 4, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE